Enrique G. ORTEGA; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 02–73796.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Enrique G. Ortega, Richmond, CA, pro se.

Flor A. Pacheco, Richmond, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Enrique G. Ortega, and his wife, Flor A. Pacheco, are natives and citizens of Mexico. The petitioners seek review of the Board of Immigration Appeals' ("BIA") decision which summarily affirmed the Immigration Judge's ("IJ") order denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

The IJ offered a specific, cogent reason for her credibility determination based on the internal inconsistencies and lack of clarity in Ortega's testimony regarding the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

circumstances of the single incident that formed the basis of his claim. Because this finding goes to the heart of Ortega's asylum claim, substantial evidence supports the IJ's adverse credibility determination. *See id.* at 1042–43.

Because the petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.